FULL NAME: JAVIER PELLECER
COMMITTED NAME (if different): SAME
FULL ADDRESS INCLUDING NAME OF INSTITUTION: 441 BAUCHET STREET, LOS ANGELES, CA 90012
PRISON NUMBER (if applicable): 3744633

LODGED
OCT 16 2014
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
OCT 16 2014
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

First Amended

JAVIER PELLECER
                                    PLAINTIFF,

v.

MIGUEL GUTIERREZ, ET. AL.
                                    DEFENDANT(S).

CASE NUMBER: CV-14-4959
To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☑ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____
   _____

   Defendants _____
   _____

b. Court _____
   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____
   _____
   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes  ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes  ☒ No

   If your answer is no, explain why not __N/A_____
   _____

3. Is the grievance procedure completed? ☐ Yes  ☒ No

   If your answer is no, explain why not __N/A_____
   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __JAVIER PELLECER__
(print plaintiff's name)
who presently resides at __MEN'S CENTRAL JAIL, 441 BAUCHET STREET, LOS ANGELES, CA 90012__,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
__Los Angeles, California__
(institution/city where violation occurred)

---

CV-66 (7/97)    **CIVIL RIGHTS COMPLAINT**    Page

Page 2 of 11

on (date or dates) __OCTOBER 16, 2013__, __SAME__, __SAME__.
                   (Claim I)         (Claim II)   (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __MIGUEL GUTIERREZ   BADGE #36634__ resides or works at
   (full name of first defendant)
   __L.A.P.D., 7600 S. BROADWAY, LOS ANGELES, CA 90012__
   (full address of first defendant)
   __DETECTIVE, LOS ANGELES POLICE DEPARTMENT (77TH DIVISION)__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __FALSE ARREST, FALSE IMPRISONMENT, KIDNAPPING, VIOLATING PRIVACY LAWS,__
   __PERJURY, CONSPIRACY TO VIOLATE RIGHTS UNDER COLOR OF LAW.__

2. Defendant __ERIC CROSSON   BADGE #32355__ resides or works at
   (full name of first defendant)
   __L.A.P.D., 7600 S. BROADWAY, LOS ANGELES, CA 90012__
   (full address of first defendant)
   __DETECTIVE, LOS ANGELES POLICE DEPARTMENT (77TH DIVISION)__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __FALSE ARREST, FALSE IMPRISONMENT, KIDNAPPING, VIOLATING PRIVACY LAWS,__
   __CONSPIRACY TO VIOLATE RIGHTS UNDER COLOR OF LAW__

3. Defendant __JAMES SHANNON   BADGE #30126__ resides or works at
   (full name of first defendant)
   __L.A.P.D., 7600 S. BROADWAY, LOS ANGELES, CA 90012__
   (full address of first defendant)
   __POLICE OFFICER, GANGS AND NARCOTICS, L.A.P.D.__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __FALSE ARREST, EXCESSIVE FORCE, KIDNAPPING, PERJURY, FALSE__
   __IMPRISONMENT, CONSPIRACY__

---

CV-66 (7/97)  **CIVIL RIGHTS COMPLAINT**  Page

on (date or dates) __OCTOBER 16, 2013__, __SAME__, __SAME__.
                    (Claim I)          (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

4. Defendant __ERNESTO MENDOZA  BADGE #31508__ resides or works at
(full name of first defendant)
__L.A.P.D., 7600 S. BROADWAY, LOS ANGELES, CA 90012__
(full address of first defendant)
__DETECTIVE, LOS ANGELES POLICE DEPARTMENT (77th DIVISION)__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
__FALSE ARREST, FALSE IMPRISONMENT, PERJURY, CONSPIRACY TO VIOLATE RIGHTS UNDER COLOR OF LAW__

5. Defendant __LOS ANGELES POLICE DEPARTMENT__ resides or works at
(full name of first defendant)
__7600 S. BROADWAY, LOS ANGELES, CA 90012__
(full address of first defendant)
__CITY GOVERNMENT__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
__FAILED TO TRAIN OFFICERS, IMPLEMENT SUFFICIENT POLICIES, AND SUPERVISE STAFF TO PREVENT VIOLATION OF RIGHTS, FALSE IMPRISONMENT__

6. Defendant __JOHN DOE (L. DROEGER)__ resides or works at
(full name of first defendant)
__210 WEST TEMPLE STREET, LOS ANGELES, CA 90012__
(full address of first defendant)
__DEPUTY DISTRICT ATTORNEY, LOS ANGELES__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
__CONSPIRACY, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, PERJURY, AND OBSTRUCTION OF JUSTICE__

7. Defendant **HUBERT YUN** _____ resides or works at
   (full name of first defendant)
   **210 WEST TEMPLE STREET 17-1010, LOS ANGELES, CA 90012**
   (full address of first defendant)
   **DEPUTY DISTRICT ATTORNEY, LOS ANGELES**
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   **CONSPIRACY, FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, PERJURY AND OBSTRUCTION OF JUSTICE, CORRUPT PRACTICES**

8. Defendant **JACKIE LACEY** _____ resides or works at
   (full name of first defendant)
   **210 WEST TEMPLE STREET, LOS ANGELES, CA 90012**
   (full address of first defendant)
   **DISTRICT ATTORNEY, COUNTY OF LOS ANGELES**
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

   Explain how this defendant was acting under color of law:
   **FAILED TO TRAIN EMPLOYEES AND SUPERVISE STAFF TO PREVENT VIOLATION OF RIGHTS, CONSPIRACY TO FALSELY IMPRISON**

9. Defendant **COUNTY OF LOS ANGELES** resides or works at
   **210 WEST TEMPLE STREET, LOS ANGELES, CA 90012**
   **COUNTY GOVERNMENT**

   The defendant is sued in his/her ☐ Individual ☒ Official capacity
   **FAILED TO TRAIN OFFICERS, IMPLEMENT SUFFICIENT POLICIES, AND SUPERVISE STAFF TO PREVENT VIOLATION OF RIGHTS.**

## SUPPORTING FACTS (CONT'D)

4. DEFENDANT MENDOZA INTERVIEWED THE PETITIONER AT THE POLICE STATION WHERE HE FAILED TO MIRANDIZE THE PETITIONER IN VIOLATION OF THE 5TH AMENDMENT OF THE CONSTITUTION. THE INTERROGATION BEGAN A 1100 HOURS AND ENDED AT 2200 HOURS WHEN THE PETITIONER WAS ULTIMATELY RELEASED HOME. BUT MENDOZA COMMITTED PERJURY WHEN WRITING HIS INVESTIGATIVE REPORT WHEN HE INPUT FALSE STATEMENTS ALLEGED BY THE PETITIONER WHICH WAS RECORDED

5. THE ARREST WITHOUT A WARRANT WAS A CLEAR VIOLATION OF THE 4TH AMENDMENT OF THE U.S. CONSTITUTION. MENDOZA AND SHANNON ENGAGED IN CONDUCT VIOLATING THEIR ETHICAL DUTY. BOTH MENDOZA AND SHANNON COMMITTED PERJURY PURSUANT TO THE CALIFORNIA PENAL CODE SECTIONS 132, 134, AND 141(B), WHEN THEY INTRODUCED FALSE DOCUMENTS IN THE INVESTIGATION REPORT. MENDOZA AND SHANNON DISREGARDED THE "LEGAL PROCESS," AND DID THIS WITHOUT "LAWFUL AUTHORITY."

## SECOND FALSE ARREST

6. ON OCTOBER 16, 2013, DEFENDANTS GUTIERREZ, CROSSON AND SHANNON ARRESTED THE PETITIONER WITHOUT A WARRANT OR PROBABLE CAUSE FOR THE ALLEGED CRIME WHICH IS PRESENTLY PENDING IN THE LOS ANGELES COUNTY SUPERIOR COURT AGAINST THE PETITIONER.

7. ON OCTOBER 16, 2013, WITHOUT NO NEW EVIDENCE BETWEEN THIS DATE AND NOVEMBER 5, 2008, DEFENDANT SHANNON ALONG WITH SEVERAL UNKNOWN POLICE OFFICERS SET UP SURVEILLANCE OVER PETITIONER HOME. UPON SEEING THE PETITIONER ENTER A VEHICLE AND DRIVE OFF. SHANNON ALONG WITH THE OTHER OFFICERS PERFORMED AN ILLEGAL STOP AND ORDERED THE PETITIONER OUT OF THE VEHICLES WITH WEAPONS DRAWN, ALL

OF THIS DONE WITHOUT A WARRANT. NO OFFICERS, INCLUDING SHANNON ADVISED THE PETITIONER WHY HE WAS STOPPED OR ARRESTED, THEY SIMPLY STATED "YOU WILL FIND OUT WHEN YOU GET TO THE STATION." THE PETITIONER ULTIMATELY WAS INVOLUNTARILY TAKEN TO THE STATION AT THE ORDERS OF DEFENDANTS CROSSON AND GUTIERREZ.

8. AT THE POLICE STATION, DEFENDANTS GUTIERREZ AND CROSSON CONFRONTED THE PETITIONER AND PERFORMED AN INTERVIEW. GUTIERREZ AND CROSSON WERE THE ONES WHO BRIEFED SHANNON TO LOCATE AND CAPTURE THE PETITIONER WITHOUT MAKING AN EFFORT TO OBTAIN A WARRANT ON AN ALLEGED CRIME THAT OCCURRED FIVE YEARS PRIOR. UPON CONCLUSION OF INTERVIEW WITH NO NEW EVIDENCE, GUTIERREZ AND CROSSON PLACED THE DEFENDANT UNDER ARREST ON (2) COUNTS. THIS PETITIONER WAS FALSELY ARRESTED, PURSUANT TO FALSE ALLEGATIONS. THIS PETITIONER WAS KIDNAPPED IN VIOLATION OF PENAL CODE §207 BY DEFENDANTS SHANNON, GUTIERREZ AND CROSSON.

9. DEFENDANTS GUTIERREZ AND CROSSON RELIED ON FALSE REPORTS BY DEFENDANT MENDOZA WHICH WERE TAKEN IN NOVEMBER 5, 2008. GUTIERREZ AND CROSSON ENGAGED IN CONDUCT VIOLATING THEIR ETHICAL DUTY WHEN THEY FAILED TO FURTHER INVESTIGATE THE ALLEGED CRIME AND FAILED TO PRESENT THE MATTER BE A MAGISTRATE TO OBTAIN "LAWFUL AUTHORITY" FOR AN ARREST AND FOLLOW THE "LEGAL PROCESS," IN WHICH ENDED WITH THE PETITIONER'S RIGHT BEING DISREGARDED AND VIOLATED.

10. FURTHERMORE, GUTIERREZ AND CROSSON THEN VIOLATED THE LAW PURSUANT TO PENAL CODE §4001.1(B) WHEN THEY PERFORMED A JAIL OPERATION AGAINST THE PETITIONER AND PLACED A CONFIDENTIAL INFORMANT IN A CELL WITH A TAPE-RECORDING DEVICE AND CAMERA TO WAIT FOR THE PETITIONER AND TO ELICIT INCRIMINATING STATEMENTS.

11. GUTIERREZ AND CROSSON VIOLATED PRIVACY LAWS WHEN THEY TAPE-RECORDED THE CELL CONVERSATION FOR THE PURPOSE OF OBTAINING EVIDENCE FOR FUTURE CRIMINAL PROCEEDINGS WITHOUT OBTAINING A WARRANT, BEING THAT IT WAS IN NO WAY DONE FOR THE SECURITY OF THE JAIL FACILITY. IN ADDITION THEY DOWNLOADED ALL DATA AND INFORMATION FROM THE PETITIONER'S CELL PHONE WITHOUT OBTAINING A WARRANT, WHICH BOTH OF THESE SUCH ACTS VIOLATE THE PETITIONER'S 4TH AMENDMENT RIGHT UNDER THE U.S. CONSTITUTION.

12. GUTIERREZ COMMITTED PERJURY WHEN HE WROTE THE PROBABLE CAUSE DETERMINATION (DECLARATION) BASED ON ILLEGALLY OBTAINED STATEMENTS, WHICH WAS NOT SIGNED NOR PRESENTED BEFORE A MAGISTRATE OR JUDICIAL OFFICER.

13. GUTIERREZ AND CROSSON THEN CONTACTED THE D.A.'S OFFICE TO PRESENT ITS CASE BASED ON ILLEGALLY OBTAINED EVIDENCE, WHICH STARTED THE CREATION OF CONSPIRACY TO FALSELY IMPRISON THE PETITIONER.

14. ON OCTOBER 18, 2013, A COMPLAINT WAS FILED BY DEFENDANT JOHN DOE (L. DRUEGER) FOR THE D.A.'S OFFICE FOR (2) COUNTS AGAINST THE PETITIONER. JOHN DOE CLEARLY DID NOT REVIEW THE EVIDENCE PRESENTED, AND THE FACT THAT THERE WAS NO WARRANT ATTACHED, AND THE FACT THAT THIS WAS A FIVE YEAR OLD CASE WITH NO DIRECT EVIDENCE, THEREFORE DEFENDANT JOHN DOE JOINED THE CONSPIRACY TO FALSELY IMPRISON THE PETITIONER.

15. ON OCTOBER 19, 2013, THE PETITIONER APPEARED IN THE LOS ANGELES SUPERIOR COURT FOR ARRAIGNMENT ON CHARGES THAT WERE FILED THAT SAME DAY. THE CASE NUMBER ASSIGNED: BA417246

16. THE PETITIONER'S THE VICTIM OF COUNTY POLICY THAT IS FUNDAMENTALLY UNFAIR. THE COUNTY PROVIDES THE RESOURCES FOR THE DISTRICT

ATTORNEY'S OFFICES TO PROSECUTE, AND EVEN IMPLEMENT POLICIES TO PREVENT APPOINTED ATTORNEYS FROM PROTECTING CITIZENS FROM SYSTEMATIC CONSPIRACY'S BY LAW ENFORCEMENT OFFICIALS.

17. THE COUNTY OF LOS ANGELES DEFENDANTS (COUNTY GOVERNMENTS) CONTROL THE BUDGETS, AND POLICIES, THAT ARE CAUSING THE VOID IN THE PROTECTION OF THIS PETITIONER'S RIGHTS, ESTABLISHING §1983 LIABILITY AGAINST THE COUNTY IN THIS CASE.

18. THE UNLAWFUL POLICIES THAT PREVENT THIS PETITIONER FROM ADDRESSING THE ABUSES BY OFFICIALS FORCED THIS PETITIONER TO WAIVE FUNDAMENTAL RIGHT TO COUNSEL IN THE LOS ANGELES COUNTY SUPERIOR COURTS, AND PROCEED IN PRO/PER, IN ORDER TO ASSERT THE RIGHTS THAT REQUIRE ISSUES TO BE RAISED PRE-TRIAL AND REVIEWED BY MANDATE; THE COUNTY POLICIES DO NOT ALLOW COURT APPOINTED COUNSEL TO ADDRESS THESE CLAIMS.

19. COUNTY AGENCIES; D.A.'s OFFICES; AND THE LOS ANGELES POLICE DEPARTMENT HAVE FAILED TO TRAIN THEIR STAFF, AND IMPLEMENT A POLICY TO: "CHECK AND BALANCE" THE EXERCISE OF POWER TO PREVENT THEIR EMPLOYEES FROM VIOLATING THE SAME STATUTES THEY SEEK TO ENFORCE. THE FACTS IN THIS CIVIL ACTION ESTABLISH CORRUPTION ISSUES VIOLATING RIGHTS WITHIN THE MEANING OF §1983, AND THERE IS NO IMMUNITY AVAILABLE FOR ANY OF THE DEFENDANTS.

20. DEFENDANT LACEY REPRESENTS THE COUNTY OF LOS ANGELES IN THE PETITIONER'S CASE, WHILE DEFENDANT YUN TAKES THIS PETITIONER TO TRIAL TO WAIVE THE LEGAL ISSUES REQUIRING REVERSAL. BOTH HAVE HAD AN OPPORTUNITY TO STOP THE ILLEGAL ISSUES AND FAILED TO DO SO.

21. ALL DEFENDANTS HAVE CONTRIBUTED TO FALSELY IMPRISON THE PETITIONER WITH ANY "LAWFUL AUTHORITY" AND DISREGARD FOR "DUE PROCESS OF LAW"

PAGE 10 OF 11

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

1. FALSE ARREST AND FALSE IMPRISONMENT BY ALL DEFENDANTS IN VIOLATION OF 4TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ART. 3 §1, §§7 AND 13 OF THE CALIFORNIA CONSTITUTION (WALLACE-V-KATO, 549 U.S. 384, 166 L.ED.2D 973 (2007))

2. UNLAWFUL SEARCH AND SEIZURE. THE DEFENDANTS VIOLATED THE 4TH AMENDMENT OF THE U.S. CONSTITUTION WHEN THEY ARRESTED DEFENDANT WITHOUT WARRANT. (MAPP-V-OHIO, 367 U.S. 643 (1961)

3. PUNITIVE DAMAGES. THE DEFENDANTS SHOWED "RECKLESS OR CALLOUS DISREGARD" FOR PLAINTIFF'S RIGHTS AND "INTENTIONAL VIOLATIONS OF FEDERAL LAW." (SMITH-V-WADE, 461 U.S. 30, 51 (1983))

4. INTRUSION OF PRIVACY. DEFENDANTS VIOLATE THE 4TH AMENDMENT OF THE U.S. CONSTITUTION WHEN THEY FAILED TO OBTAIN A WARRANT BEFORE CONDUCTING A SEARCH OF INFORMATION ON CELL PHONE SEIZED INCIDENT TO ARREST. (U.S.-V-WURIE, 728 F.3D 1 (2013); RILEY-V-CALIFORNIA (2014) NO: 13-132

5. MALICIOUS PROSECUTION (AWABDY-V-CITY OF ADELANTO, 368 F.3D 1062 (9TH. CIR. 2004))

6. TORT IN ESSENCE CLAIM. THE DEFENDANTS BREACHED THEIR NON-CONSENSUAL DUTIES ARISING OUT OF MANDATORY CALIFORNIA PENAL CODE SECTIONS 118, 118A, 118.1, 132, 134, 141(B), 207 AND 182(2)(3)+(5) (HILLBLOM ET.AL.-V-CITY OF FRESNO, 539 F.SUPP.2D 1192 (ED.CAL.2008)

7. FOURTEENTH PROCEDURAL DUE PROCESS VIOLATIONS THAT "SHOCK THE CONSCIENCE" IN THE CONSTITUTIONAL SENSE (COLLINS-V-CITY OF HARKER HEIGHTS, 503 U.S. 115, 117 (1992)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right. **FIRST FALSE ARREST**

1. ON NOVEMBER 5, 2008, DEFENDANTS MENDOZA AND SHANNON ARRESTED THE PETITIONER WITHOUT WARRANT OR PROBABLE CAUSE FOR THE ALLEGED CRIME IN WHICH IS PRESENTLY PENDING IN THE LOS ANGELES COUNTY SUPERIOR COURTS AGAINST PETITIONER.

2. ON NOVEMBER 5, 2008, DEFENDANT SHANNON COMMITTED PERJURY WHEN HE INTRODUCED FALSE DOCUMENTS INTO EVIDENCE, STATING THEIR WAS AN ACTIVE ARREST WARRANT AND PETITIONER WAS IDENTIFIED IN A PHOTO LINE-UP, WHEN THERE WAS NEVER IN FACT A LINE-UP PERFORMED OR EVER A WARRANT OBTAINED.

3. ON NOVEMBER 5, 2008, SHANNON ALONG WITH SEVERAL UNKNOWN POLICE OFFICERS DISPLAYED EXCESSIVE FORCE WHEN ORDERED THE PETITIONER OUT OF A VEHICLE, IN WHICH HE WAS THE FRONT PASSENGER, WITH WEAPONS DRAWN, AND WAS ORDERED TO LAY FACE DOWN ON THE GROUND IN THE MIDDLE OF THE STREET, ALL THIS DONE WITHOUT A WARRANT. THE PETITIONER WAS INVOLUNTARILY TAKEN TO THE POLICE STATION UPON THE INSTRUCTIONS OF DEFENDANT MENDOZA. MENDOZA AND SHANNON COMMITTED KIDNAP PURSUANT TO PENAL CODE §207. (CONT'D)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

① PUNITIVE DAMAGES IN THE AMOUNT OF $1,000,000 (ONE MILLION DOLLARS, U.S.) PER DEFENDANTS KNOWN AND UNKNOWN ACCORDING TO LAW.

② DAMAGES PURSUANT TO CALIFORNIA GOV'T CODE AGAINST THE COUNTY OF LOS ANGELES, IN THE AMOUNT OF $5,000,000 (FIVE MILLION DOLLARS, U.S.) THAT ALLOWS (3) TIMES THE AMOUNT AGAINST A MUNICIPALITY ACCORDING TO LAW.

③ FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION IN THE AMOUNT OF $1,000,000 (ONE MILLION DOLLARS, U.S.) PER DEFENDANTS KNOWN AND UNKNOWN ACCORDING TO LAW.

④ DECLARATORY AND INJUCTIVE RELIEF PURSUANT TO THE TITLE 28 U.S.C. §2201 AND §2202, TO BE DETERMINED THROUGHOUT THE PROCESS.

⑤ ANY AND ALL ADDITIONAL RELIEF THIS COURT DEEMS FIT AND PROPER BASED ON THE FACTS AND CIRCUMSTANCES OF THIS CASE

"EVERY PERSON WHO, UNDER COLOR OF [STATE LAW]... SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES... TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS." (SEE MONELL-V-DEPARTMENT OF SOCIAL SERVS, 436 U.S. 658, 98 S.CT. 2018, 56 L.ED.2D 611 (1978); JOHNSON-V-DUFFY, 588 F.2D 740, 743 (9TH.CIR. 1978)

10-2-2014
(Date)

(Signature of Plaintiff)
JAVIER PELLECER

---

CV-66 (7/97)                                    **CIVIL RIGHTS COMPLAINT**                                    Page

*Proof of Service — Mail*

# PROOF OF SERVICE

Re:   Case Number  CV-14-4959

Case Title  JAVIER PELLECER -V- MIGUEL GUTIERREZ, ET. AL.

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/~~am not~~ a party in the above-entitled action. I am employed in/reside in the County of  LOS ANGELES  and my business/residence address is MEN'S CENTRAL JAIL  441 BAUCHET STREET, LOS ANGELES, CA 90012

On  OCTOBER 2, 2014 , I served the attached document described as a  MOTION TO AMEND THE CIVIL RIGHTS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(A) (ATTACHED COMPLAINT)

on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in  LOS ANGELES , California, addressed as follows:

United States District Court
Central District of California
Eastern Division
Office of the Clerk
3470 Twelfth Street, Room 134
Riverside, California 92501

I,  JAVIER PELLECER , declare under penalty of perjury that the foregoing is true and correct.

Executed on  OCTOBER 2, 2014 , at LOS ANGELES , California.

Signature
JAVIER PELLECER