UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4959-JLS (SP) | Date | November 18, 2014 |
|---|---|---|---|
| Title | JAVIER PELLECER | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Complaint Should Not Be Stayed or Dismissed Under *Younger* Abstention Doctrine

   Plaintiff, an inmate at the Men's Central Jail in Los Angeles proceeding pro se, filed his initial complaint in this action on July 31, 2014. In that civil rights complaint, plaintiff alleged that Los Angeles Police Department ("LAPD") officers arrested him without a warrant or probable cause on October 16, 2013.

   Plaintiff filed a First Amended Complaint ("FAC") on October 16, 2014. The FAC expands on the allegations and defendants in the original complaint. Plaintiff names additional defendants in the FAC and alleges that he was falsely arrested without a warrant or probable cause on two occasions: November 5, 2008 and October 16, 2013. Plaintiff alleges that both arrests were for the same alleged crime, with petitioner having been released following his November 5, 2008 arrest, but with charges having been filed against petitioner following his October 16, 2013 arrest. Plaintiff also alleges he was subjected to unlawful searches to gather evidence during the arrests, and that he is being maliciously prosecuted. Critically, in the FAC plaintiff alleges that criminal case number BA417246 is still pending against him in Los Angeles Superior Court, charging him with committing the crime for which he was arrested on these two occasions.

   In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Id.* at 43-54; *see Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (*Younger* abstention applies to actions for damages). Under the *Younger* Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4959-JLS (SP) | Date | November 18, 2014 |
|---|---|---|---|
| Title | JAVIER PELLECER | | |

*Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

      According to the FAC, the charges on which plaintiff was twice arrested are still pending in Los Angeles Superior Court. This court must abstain from interfering in the those state criminal proceedings. Plaintiff's claims in this case would necessarily implicate his pending criminal case. Therefore, assuming the charges on which plaintiff was arrested are still pending, to allow this case to proceed would amount to intervention in that case.

      Accordingly, the court hereby issues this ORDER TO SHOW CAUSE why plaintiff's complaint should not be stayed or dismissed under the *Younger* Abstention Doctrine. In responding to the Order to Show Cause, plaintiff may submit any evidence or argument pertaining to whether the charges on which plaintiff was arrested are still pending. Plaintiff is ordered to respond to this Order to Show Cause on or before **December 9, 2014**.

      Alternative, plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for plaintiff's convenience.** If plaintiff wishes to dismiss this action without prejudice, he should submit the voluntary dismissal form by **December 9, 2014**.

      Plaintiff is cautioned that failure to respond to this Order to Show Cause as set forth above will result in a recommendation or order of the court staying or dismissing this case.