1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVELY CLOSE

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PELLECER,<br><br>        Plaintiff,<br><br>    v.<br><br>MIGUEL GUTIERREZ, et al.,<br><br>        Defendants. | Case No. CV 14-4959-JLS (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING CASE IN PART AND STAYING REMAINDER OF CASE** |

## I.

## INTRODUCTION

Plaintiff Javier Pellecer, an inmate at the Men's Central Jail in Los Angeles proceeding pro se, filed his initial complaint in this action on July 31, 2014. In that civil rights complaint, plaintiff alleged that Los Angeles Police Department ("LAPD") officers arrested him without a warrant or probable cause on October 16, 2013.

Plaintiff filed a First Amended Complaint ("FAC") on October 16, 2014. The FAC expands on the allegations and defendants in the original complaint. Plaintiff names additional defendants in the FAC and alleges that he was falsely arrested without a warrant or probable cause on two occasions: November 5, 2008

1   and October 16, 2013.  Further, in the FAC, plaintiff alleges that a criminal case
2   charging him with committing the crime for which he was arrested on those two
3   occasions is still pending against him in Los Angeles Superior Court.  Plaintiff
4   seeks equitable relief as well as damages.

5        The Court issued an Order to Show Cause ("OSC") why the complaint
6   should not be stayed or dismissed under the *Younger* Abstention Doctrine.  In
7   plaintiff's response to the OSC, he does not dispute that he is asking this Court to
8   effectively intervene in his pending state criminal case, but argues that
9   extraordinary circumstances warrant such intervention.  Plaintiff has failed to show
10  that intervention is warranted, however, and therefore this Court must refrain from
11  proceeding in this case while the state criminal case is still pending.  Accordingly,
12  under the *Younger* Abstention Doctrine, the Court will dismiss plaintiff's claims
13  for equitable relief, and will stay the remainder of his case seeking damages until
14  the state criminal case is no longer pending.

15                                      **II.**

16                                **BACKGROUND**

17        In the FAC, plaintiff alleges that LAPD officers first falsely arrested him
18  without a warrant or probable cause on November 5, 2008, for the crime with
19  which plaintiff is presently charged in Los Angeles Superior Court.  Petitioner was
20  ultimately released, but then was again arrested for the same crime, again without a
21  warrant or probable cause, on October 16, 2013.  Plaintiff also alleges he was
22  subjected to unlawful searches to gather evidence during the arrests.  Following his
23  October 16, 2013 arrest, plaintiff was charged in Los Angeles Superior Court in
24  case number BA417246.  Plaintiff alleges that he is being maliciously prosecuted
25  and that his due process rights have been violated.  Plaintiff seeks compensatory
26  and punitive damages, and also seeks declaratory and injunctive relief.

27        To confirm that plaintiff is in fact awaiting trial on the charges he challenges
28  in the FAC, on November 18, 2014 the Court issued an OSC, requiring plaintiff to

                                         2

1  show cause why the case should not be stayed or dismissed under the *Younger*
2  Abstention Doctrine.  Plaintiff filed a response to the OSC on December 4, 2014.

3       In his response to the OSC, plaintiff concedes that he is still pending trial in
4  the state criminal case on the charges that are at the heart of his challenge in this
5  civil rights case.  But plaintiff argues that this case qualifies for an exception from
6  the *Younger* Abstention Doctrine.  In making his arguments, plaintiff confirms that
7  he is asking this Court to intervene in the pending state criminal case.  *See* OSC
8  Response at 12.

**III.**

**DISCUSSION**

11       The Prison Litigation Reform Act obligates the Court to review complaints
12  filed by all persons proceeding in forma pauperis, and by prisoners seeking redress
13  from government entities.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these
14  provisions, the Court may sua sponte dismiss, "at any time," any prisoner civil
15  rights action and all other in forma pauperis complaints that are frivolous or
16  malicious, fail to state a claim, or seek damages from defendants who are immune.
17  *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

18       In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971),
19  the Supreme Court held that a federal court was prohibited from enjoining a state
20  criminal proceeding without a valid showing of "extraordinary circumstances" that
21  warrant federal intervention.  *Id.* at 43-54; *see Gilbertson v. Albright*, 381 F.3d
22  965, 984 (9th Cir. 2004) (*Younger* Abstention applies to actions for damages).
23  Under the *Younger* Abstention Doctrine, federal courts may not stay or enjoin
24  pending state criminal court proceedings, nor grant monetary damages for
25  constitutional violations arising from them.  *Mann v. Jett*, 781 F.2d 1448, 1449
26  (9th Cir. 1986).  *Younger* abstention is appropriate when:  (1) the state court
27  proceedings are ongoing; (2) the proceedings implicate important state interests;
28  and (3) the state proceedings provide an adequate opportunity to raise the

3

constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Plaintiff concedes that the first two *Middlesex* elements for the *Younger* Abstention Doctrine to be invoked are present here. *See* OSC Response at 1. There is an ongoing state proceeding, i.e., the criminal case against plaintiff. And the criminal proceedings implicate important state interests because they involve an alleged violation of state criminal law that is being adjudicated in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.").

Plaintiff argues that the third *Middlesex* element has not been met, that the that proceedings are not providing him an adequate opportunity to raise his constitutional challenges. But plaintiff's own account of the proceedings refutes his argument. Plaintiff asserts that he has raised his constitutional claims in the Superior Court by filing several motions, including one or more motions to suppress. OSC Response at 2-3. After those motions were denied, plaintiff sought a writ of mandate from the California Court of Appeal, and after that was denied, plaintiff sought relief from the California Supreme Court. *Id.* at 2, 4. It is thus apparent that, contrary to plaintiff's argument, the state court criminal proceedings have provided an adequate opportunity for plaintiff to litigate his constitutional claims by way of a suppression motion or other challenge to the evidence. That his motions have been denied does not alter the fact that he has had an opportunity to raise his claims. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."

1   *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th

2   Cir. 1999).  Thus, the elements for the Court to invoke the *Younger* Abstention

3   Doctrine are present.

4        Plaintiff also argues that the circumstances of this case warrant an exception

5   to applying the *Younger* Abstention Doctrine.  Plaintiff argues that the bad faith or

6   harassment exception to *Younger* applies here.  OSC Response at 5.  The Supreme

7   Court has held "that *Younger* principles do not apply, even where otherwise

8   applicable, 'in those cases where the District Court properly finds that the state

9   proceeding is motivated by a desire to harass or is conducted in bad faith.'" *Juidice

10  v. Vail*, 430 U.S. 327, 338, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (quoting

11  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482

12  (1975)).  But plaintiff has made no showing that the state criminal case against him

13  has been brought or is being conducted in bad faith, or motivated by a desire to

14  harass.  Plaintiff alleges that he was singled out because he is hispanic, has been

15  prosecuted based on uncorroborated hearsay, and that the police, prosecutors, and

16  Superior Court have shown prejudice and bias against him and conspired to violate

17  his civil rights.  OSC Response at 5-12.  But he has provided no support for these

18  allegations.  Instead, his assertions all amount to arguments that the Superior Court

19  erred in denying his motions.  Such arguments do not demonstrate extraordinary

20  circumstances that warrant this Court's intervention in the state court proceedings.

21        Thus, it is plain that the *Younger* Abstention Doctrine properly applies in

22  this case, and that no circumstances justify an exception to the doctrine here.  The

23  only question is whether the doctrine warrants this Court staying the case or

24  dismissing it without prejudice.

25        In finding that *Younger* principles apply to actions seeking damages as well

26  as actions seeking equitable relief, the Ninth Circuit found that "federal courts

27  should not dismiss actions where damages are at issue; rather, damages actions

28  should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d

1  at 968; *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674,
2  689-90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something
3  for the federal courts to decide after completion of the state proceedings . . . [t]he
4  district court – quite appropriately – did not *dismiss* under *Younger* but *stayed* the
5  proceedings pending the final decision of the California courts.").  That damages
6  actions should be stayed rather than dismissed is consistent with the Supreme
7  Court's ruling in *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d
8  973 (2007), that where a plaintiff files a civil claim "related to rulings that will
9  likely be made in a pending or anticipated criminal trial[], it is within the power of
10  the district court, and in accord with common practice, to stay the civil action until
11  the criminal case . . . is ended." *Id.* at 393-94.  As the Supreme Court explained,
12  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn
13  that conviction, *Heck*[ *v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d
14  383 (1994),] will require dismissal; otherwise, the civil action will proceed, absent
15  some other bar to suit." *Wallace*, 549 U.S. at 394.

16      Plaintiff here seeks equitable relief as well as damages.  In such cases, the
17  proper course is for a court to dismiss the equitable claims and stay the claims for
18  damages.  *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district
19  court properly dismissed . . . claims for declaratory and injunctive relief," but
20  "claims for money damages should have been stayed until the state court
21  proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D. Haw.
22  2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims
23  for monetary damages may be stayed.").  The Court will follow that course here.
24  //
25  //
26
27
28

6

# IV.

## CONCLUSION

IT IS THEREFORE ORDERED that: (1) plaintiff's claims for equitable relief are dismissed without prejudice; and (2) the remainder of this case is stayed until the related state criminal case is no longer pending.  The clerk is directed to ADMINISTRATIVELY CLOSE this case.

If plaintiff wishes to continue with this case after disposition of the criminal charges against him, he must file a request that the stay be lifted and the case be re-opened **within sixty (60) days** of the final disposition of the criminal charges (including all appeals).  Any such request to lift the stay must be accompanied by documentary evidence showing that the state criminal case is concluded.  If the stay is lifted, the action will proceed at that time, absent any other bar to suit.

DATED: January 8, 2015

_____

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

7