# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-4959-JLS (SP) | Date | March 8, 2019 |
|---|---|---|---|
| Title | JAVIER PELLECER v. MIGUEL GUTIERREZ, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Lifting Stay and Ordering Plaintiff To Show Cause Why Case Is Not Barred and Subject to Dismissal Under *Heck v. Humphrey*

Plaintiff, a California state prisoner proceeding pro se, filed his initial complaint in this action on July 31, 2014 while an inmate at the Men's Central Jail in Los Angeles. In that civil rights complaint, plaintiff alleged Los Angeles Police Department ("LAPD") officers arrested him without a warrant or probable cause on October 16, 2013.

Plaintiff filed a First Amended Complaint ("FAC") on October 16, 2014. In the FAC, plaintiff alleges he was falsely arrested without a warrant or probable cause, subjected to unlawful searches to gather evidence during the arrests, and that he is being maliciously prosecuted. On January 8, 2015, this court dismissed plaintiff's claims for equitable relief, and stayed the remaining claims for damages due to his pending state criminal case per *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

On February 14, 2019, plaintiff filed a Notice of Request to Lift the Stay in Proceedings. Plaintiff moves the court to lift the stay on the grounds that the state proceedings in his criminal case, case number BA417246 (appeal number B280333), were made final on December 12, 2018. The California Supreme Court summarily denied plaintiff's petition for review on this date.[1] Plaintiff further states he is currently

---

[1] The court takes judicial notice of the case information presented in online state court dockets. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (the Ninth Circuit may properly take judicial notice of state court dockets and pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4959-JLS (SP) | Date | March 8, 2019 |
|---|---|---|---|
| Title | JAVIER PELLECER v. MIGUEL GUTIERREZ, et al. | | |

preparing a petition for a writ of certiorari to the United States Supreme Court that he intends to file by March 12, 2019, and depending on the U.S. Supreme Court's ruling, will file a federal habeas petition by December 12, 2019.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a plaintiff may not bring a 42 U.S.C. § 1983 action for damages based on "actions whose unlawfulness would render a conviction or sentence invalid" when the plaintiff's conviction or sentence has not yet been reversed, expunged, or otherwise invalidated. *Id.* at 486-87. "'[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)). Thus, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Id.* at 695 (quoting *Heck*, 512 U.S. at 487).

In the FAC, plaintiff alleges he was falsely arrested without a warrant or probable cause, subjected to unlawful searches during the arrests, and that he is being maliciously prosecuted. So far as the court can tell, plaintiff's claims would necessarily implicate the validity of his conviction. Because plaintiff's criminal conviction was affirmed by the California Supreme Court on December 12, 2018 and still stands, it appears his § 1983 suit is barred under *Heck*. If so, then only if plaintiff's conviction or sentence is reversed, expunged, or otherwise invalidated may he bring a § 1983 suit challenging his alleged false arrest, subjection to unlawful searches, and malicious prosecution.

Because the reason for the stay – the pending state criminal case – no longer exists, the court hereby LIFTS the stay in this matter. But in light of plaintiff's conviction in that case, the court further issues this ORDER TO SHOW CAUSE why the FAC is not *Heck*-barred and should not be so dismissed. In responding to the Order to Show Cause, plaintiff may submit any evidence or argument pertaining to whether his conviction has been reversed, expunged, or otherwise invalidated. Plaintiff may also address the issue of whether success on any of his claims in the FAC would necessarily imply the invalidity of his conviction. Plaintiff is ordered to respond to this Order to Show Cause on or before **March 29, 2019.**

Alternatively, plaintiff may request a voluntary dismissal of this action without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4959-JLS (SP) | Date | March 8, 2019 |
|---|---|---|---|
| Title | JAVIER PELLECER v. MIGUEL GUTIERREZ, et al. | | |

prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for plaintiff's convenience.** If plaintiff wishes to dismiss this action without prejudice, he should submit the voluntary dismissal form by **March 29, 2019**.

Plaintiff is cautioned that failure to respond to this Order to Show Cause as set forth above will result in a recommendation or order of the court dismissing this case.